**THE UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:26CR309 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TYRONE LYNCH, | ) | |
| | ) | (Resolves Doc.15) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Tyrone Lynch's motion to suppress (Doc.15). The Government has opposed the motion (Doc. 17), and the Court now resolves Lynch's arguments. Upon review, the motion is DENIED.

Lynch's motion is premised upon his argument that the officers involved in searching his vehicle engaged in an unlawful investigatory search rather than an inventory search. Upon review, the Court finds no merit in this contention.

**I. Factual Background**

The Court has not conducted an evidentiary hearing as the operative facts are not in dispute. Those facts are as follows. On May 31, 20226, Officer Michael Green encountered a woman in the Pla-More Roller Rink parking lot. The woman had fresh blood on her face and informed the officer that her boyfriend, Tyrone Lynch, had repeatedly punched her in the face and threatened to kill her. When Officer Green inquired about Lynch's location, the victim pointed to a vehicle in the parking lot and identified it as being Lynch's vehicle. Officer Green attempted to

approach the vehicle as it left the parking lot and yelled for it to stop. The vehicle did not stop, so Officer Green radioed in the situation. Officer Marcus Wolk located Lynch's vehicle on I-90 and subsequently executed a traffic stop on the vehicle. Lynch was placed under arrest for the assault, and Officer Wolk requested a tow over the radio as the vehicle could not sit unattended on the highway.

Officer Wolk then announced that he was conducting an inventory search of the vehicle. The search began in the front passenger area of the vehicle where Officer Wolk found some miscellaneous wrappers and garbage. The officer also emptied a grocery bag on the passenger seat and looked through the items. Officer Wolk next searched the trunk and located garbage bags, jumper cables, a pair of shoes, and containers of what appeared to be car cleaner or wax. Finally, Officer Wolk searched the driver's seat of the vehicle. There, Officer Wolk found an open bottle of tequila and a Glock pistol with an extended magazine that was under the seat. Officer Wolk documented both items before dumping out the contents of the open container of tequila. Officer Wolk then announced that he would transport Lynch back to the police station and asked another officer to finalize the tow of the vehicle.

## II. Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects," including vehicles, "against unreasonable searches and seizures." U.S. Const. amend. IV; *United States v. Jones*, 565 U.S. 400, 404 (2012). The general rule is that warrantless searches of vehicles "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (internal quotation omitted). "[I]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine*, 479 U.S.

367, 371 (1987). "An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage." *Whren v. United States*, 517 U.S. 806, 811 n.1 (1996). A vehicle is lawfully seized and, thus, subject to an inventory search if it is lawfully impounded. *United States v. Jackson*, 682 F.3d 448, 455 (6th Cir. 2012).

Officers exercising their discretion to impound a vehicle must do so "according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Id*. at 454 (quoting *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001)). Similarly, "[i]n order to be deemed valid, an inventory search may not be undertaken 'for purposes of investigation,' and it must be conducted 'according to standard police procedures.'" *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998)); *see also United States v. Alexander*, 954 F.3d 910, 916 (6th Cir. 2020) (stating that the inventory exception applies only when officers follow "'standardized criteria' or 'established routine' governing the scope of the inventory searches.'" (quoting *Florida v. Wells*, 495 U.S. 1, 4 (1990)). The search is unconstitutional if "the evidence establishes that the 'police acted in bad faith or for the sole purpose of investigation' in conducting an inventory search." *United States v. Hockenberry*, 730 F.3d 645,659 (6th Cir. 2013) (quoting *United States v. Vite-Espinoza*, 342 F.3d 462, 470 (6th Cir. 2003)). In other words, officers cannot hide an investigative search under the pretext of an inventory search. *See id.; South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976). That said, "the mere fact that an officer suspects that contraband may be found in a vehicle does not invalidate an otherwise proper inventory search." *Smith*, 510 F.3d at 651.

Lynch acknowledges that the Euclid Police Department has an official policy and accompanying procedures for towing a vehicle and inventorying its contents. Further, Lynch offers no argument to suggest that his vehicle was not properly subject to the tow policy and its accompanying inventory search. Instead, Lynch appears to take it issue with the *manner* in which Officer Wolk conducted the inventory search. More specifically, Lynch appears to contend that Officer Wolk's failure to inventory every item in the vehicle somehow transformed the legal and permissible inventory search to an unlawful, warrantless investigatory search. The Court finds no merit in this contention.

"[I]n forbidding uncanalized discretion to police officers conducting inventory searches, there is no reason to insist that they be conducted in a totally mechanical 'all or nothing' fashion." *Wells*, 495 U.S. at 4. In other words, "an officer's use of discretion in implementing agency guidelines regarding the conduct of an inventory search does not necessarily violate the Fourth Amendment." *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001). Instead, when conducted such a search, officers are given a "measure of flexibility" to complete the task. *Id*. The Sixth Circuit has also approved of policies that limit detailing solely items that the officer believes to be valuable – demonstrating the flexibility afforded to officers to complete such a search. *Id.*

Under the facts herein, Officer Wolk's failure to inventory items such as jumper cables and car wax do not justify the conclusion that the inventory search was somehow invalid. There is no argument from Lynch that even suggests a pretext to search his vehicle for contraband. Instead, the uncontroverted evidence is that Lynch's car was subject to tow because he was the sole occupant, he had been arrested, and the vehicle could not remain on the side of the highway.

There is no evidence of any kind or even argument from Lynch that officers were using the stop to effectuate some other investigatory purpose.

While Lynch asserts that Officer Wolk's incomplete inventory somehow undermines the purposes of an inventory search – to catalog the items and protect the police from frivolous claims – he ignores that each item from the search was captured on Officer Wolk's body camera footage. Accordingly, even if there were an argument that the tow inventory form was somehow incomplete, the totality of the evidence related to the inventory search fulfills its stated purposes of documenting every item located in the vehicle.

Lynch has presented no evidence of pretext related to the inventory search of his vehicle. Further, he has offered no argument that the decision to conduct the inventory search did not fall squarely with Euclid's policy for towing vehicles and searching their contents. As such, the Court finds that the inventory search did not violate Lynch's Fourth Amendment rights. The motion to suppress is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2026

*/s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT